APRIL TERM, 1870. 471

Mayor, &c., of Annapolis vs. Harwood and Wife.

---

THE MAYOR, RECORDER AND ALDERMEN OF THE CITY OF ANNAPOLIS vs. WILLIAM HARWOOD and HESTER A. HARWOOD, his Wife.

*Acts of Assembly—Construction of the Act of 1867, ch. 240, amendatory of the Charter of the City of Annapolis — Assessment of Paving taxes — Equity Practice.*

It is not competent to show by extrinsic evidence, that the provisions of an Act of Assembly are different from those set out in the published volume of laws, the printed Act being an exact transcript of the copy recorded in the office of the Court of Appeals in conformity with the requirement of the Constitution.

Under the Act of 1867, ch. 240, which empowered the Mayor, Recorder and Aldermen of the City of Annapolis, "to levy and collect taxes, not exceeding one per centum on all the property of the citizens of said city" and "to pass ordinances * * * for paving and keeping in re-

pair the streets, lanes and alleys in said city, and for extending and widening the same to any particular part or district of the city," the city had no power to assess the entire expense of paving a particular street, upon the owners of property binding thereon, as being specially benefitted by the improvement in the enhancement of the value of their property.

A municipal corporation having assessed upon the owners of property binding on a particular street, the entire expense of paving the same, was, at the instance of one of the property holders, restrained by injunction from collecting his proportion of the tax so imposed. The defendants answered and therein moved for a dissolution of the injunction. After argument and submission upon bill, answer, exhibits and general replication, the injunction was made perpetual. HELD:

That this was error.

A decree continuing an injunction, will not be reversed, because one of the defendants had failed to answer the bill.

APPEAL from the Circuit Court for Anne Arundel County, in Equity.

The bill in this case was filed on the 17th of March, 1869, by the appellees against the appellants and one Edward Powers, who was employed by them as a tax collector in the city of Annapolis, to restrain said Powers from selling the property of the appellees for payment of their proportion of a special tax for paving a street in said city. The injunction was issued as prayed. Afterwards the appellants answered and in their answer moved for a dissolution of the injunction. The defendant Powers failed to answer. The cause having been argued and submitted upon bill, answer, exhibits and general replication, a decree was passed on the 4th of Jan'y, 1870, making the injunction perpetual. From this decree the present appeal was taken.

The cause was argued before BARTOL, C. J., STEWART, MAULSBY and ROBINSON, J.

*S. Thomas McCullough* and *Alexander B. Hagner*, for the appellants.

The decree of the 4th of January, 1870, should be reversed for the following reasons :

1st. Because the same was passed improvidently, the answer of one of the defendants not having been filed, and no decree interlocutory obtained against him, and the cause was not then ready for decree. *Eden on Injunctions*, 1 *Water.*, 116, 1 *n.*, (1); *Depeyster vs. Graves, et al.*, 2 *John. Ch. Rep.*, 148; *Heck vs. Vollmer, et al.*, 29 *Md.*, 507.

2d. Because the appellees' bill does not aver such a case of impending, irreparable damage as justifies the interposition of a Court of Equity by injunction. *Hamilton, et al. vs. Ely, et al.*, 4 *Gill*, 34, 37; *Fort and Wife, et al. vs. Groves*, 29 *Md.*, 188, 192, 193; *Chesapeake and Ohio Canal Co. vs. Young*, 3 *Md.*, 430, 485, 489; *Green vs. Keen*, 4 *Md.*, 98, 100, 106; *Amelung, et al. vs. Seekamp*, 9 *G. & J.*, 468, 473, 474; *Shipley vs. Ritter, et al.*, 7 *Md.*, 408.

3d. Because if the averments of the bill were sufficient, yet the answer of the appellants swears away the equities relied on, and the injunction should therefore have been dissolved. *Dorsey, et al. vs. Hagerstown Bank*, 17 *Md.*, 408, 412.

4th. Because even if the Court below were right in sustaining the injunction, yet it should only have been retained until final hearing, and should not have been made perpetual at that stage of the case. *Dorsey, et al. vs. Hagerstown Bank*, 17 *Md.*, 408, 412, 413; *Huston, et al. vs. Ditto, et al.*, 20 *Md.*, 306, 332; *Mills vs. Hoag*, 7 *Paige*, 18: *Cooke vs. Bay*, 4 *Howard*, (*Miss.*,) 485.

5th. Because the charter of Annapolis, as actually passed by the Legislature on the 19th of March, 1867, *expressly confers* upon the corporation the power to "tax any particular part or district of the city for paving the streets, lanes and alleys therein;" and the Court should be governed by the law which *really did pass* when it is brought to their notice, rather than by a form of a statute which never did pass the Legislature, although erroneously printed in the volume of laws. 6 *Bac. Ab.*, 364; *Sedgwick on Stat. & Con. Law*, 69; *People vs. Purdy*, 2 *Hill*, 31; *Thomas vs. Dakin*, 22 *Wend.*, 9; *Warner vs. Beers*, 23 *Wend.*, 103, 112, 114, 135, 137, 140; *Comm'l Bank of Buffalo vs. Sparrow*, 2 *Denio*, 101; *Spangler*

*vs. Jacoby*, 14 *Illinois*, 297, 298, 299, 300 ; *Prescott vs. Board of Trustees of the Illinois and Michigan Canal*, 19 *Ill.*, 324, 325, 326, 327 ; *Rex vs. Jefferies*, 1 *Stra.*, 446 ; 1 *Green*, 91, 480, 482, 484, 485, 489, 500, &c. ; *Purdy vs. The People*, 4 *Hill*, 384, 386, 387, 390, 394 ; *The Prince's Case*, 8 *Coke's Rep.*, 28 ; *Rex vs. Robotham*, 3 *Burr.*, 1472 ; *Cooley's Con. Law*, 135 ; *Smith's Com.*, 945, 949, 950, 951, 952 ; 1 *Code, Art.* 37, *sec.* 46.

6th. Because, if this Court should consider itself bound by the printed form of the law which never did pass the Legislature, rather than by the actual law as it really was adopted, then according to the proper construction of the powers of the corporation gathered from the printed law in connection with the other legislation on the subject, the appellants had the power to collect the assessment imposed by its ordinance upon the appellees, as their proportion of the special benefit conferred upon the property lying along North East Street, from the paving of that street. 6 *Bac. Ab.*, 380–390 ; *Dwarr. on Stat.*, 690, 691, 692, 693, 694, 695, 697, 698, 699, 700, 701, 704, 712, 718, 721, 726, 731, 763 ; *Md. Dig.*, (*Merrick & Miller*,) 529, *secs.* 47, 48, *page* 532, *sec.* 105 ; *Sedg. on Stat. & Con. Law*, 230–241, 247, 250 ; *Smith's Com.*, *ch. XIV*, *page* 751 ; *Act of* 1797, *ch.* 54 ; *Act of* 1818, *ch.* 194 ; 2 *Code, Art.* 2, *sec.* 43, *Art.* 4, *sec.* 837, *et seq.*, *Art.* 11, *sec.* 118 ; *Purdy vs. The People*, 4 *Hill*, 402, 403 ; 1 *Story's Com. on Con.*, 383 ; *Warner vs. Beers*, 23 *Wend.*, 182, 183 ; *Mayor, &c. vs. Moore and Johnson*, 6 *H. & J.*, 380, 381 ; *Mayor, &c. vs. Harwood*, 6 *H. & J.*, 383, 389, &c. ; *State, use of, &c. vs. Boyd*, 2 *G. & J.*, 374 ; *Canal Company vs. Railroad Company*, 4 *G. & J.*, 6, 152, &c. ; *Mayor, &c., of Baltimore, vs. Root*, 8 *Md.*, 96, 105 ; *Mayor & City Council of Baltimore vs. Clunet, et al.*, 23 *Md.*, 450, 467, 468 ; *Mayor & City Council of Baltimore vs. Greenmount Cemetery Co.*, 7 *Md.*, 517 ; *Act of* 1865, *ch.* 31, *sec.* 3.

*William Harwood*, for the appellees.

Section 43, Article 2, of the Public Local Laws, provides that the Mayor, Recorder and Aldermen of the city of Annap-

olis shall have power " to tax any particular part or district of the city for paving the streets, lanes and alleys therein," &c.

Section 1 of chapter 240, passed March 19th, 1867, expressly repeals the above section of the Code of Public Local Laws.

Section 41 of chapter 240 of the Act of 1867, provides that the Mayor, Recorder and Aldermen shall have power to levy and collect taxes, not exceeding one per centum on all the property of the citizens of said city. This is the only power to tax granted the corporation.

The appellees are charged with a special tax. A special tax is unconstitutional, as being in violation of the Bill of Rights.

The power to levy and collect what is called a paving tax, by assessment on the inhabitants of a particular district, deemed to be specially benefitted by the improvements, to pay for which the tax is levied, is granted to the corporation of the city of Baltimore by express legislative enactment. The constitutionality of the grant is sustained on the ground that the so-called tax is a just charge for benefits derived from the improvement, and that the assessment of damages and benefits of the improvement and of the taxes on account thereof is provided for so as to secure an impartial and just assessment, with provision also for affording the enjoyment of the right of trial by jury in some stage of the proceeding. The Court of Appeals has repeatedly decided that the power to tax particular districts for public improvements may constitutionally be exercised when thus guarded and restricted, if expressly granted, and not otherwise. *Alexander and Wilson vs. The Mayor and City Council,* 5 *Gill,* 383.

The Act of 1867, ch. 240, makes a distinction between the new streets and the old streets of the city. First, it confers power on the corporation to establish new streets, lanes and alleys, and to widen and extend, stop up or discontinue new streets, lanes and alleys, but not to widen the old streets. On the contrary, it expressly says nothing herein contained shall relate to or in any manner affect any streets, lanes or alleys

which have been at any time heretofore opened and used as public highways, &c. It afterwards confers power to pass ordinances for paving and keeping in repair the streets, lanes and alleys in said city, and for extending and widening the same to any particular part or district of the city, for paving the streets, lanes and alleys therein, &c.

The clause, " and for extending and widening the same to any particular part or district of the city," as it stands in the law, is a clause closely connected with the preceding clause.

It confers power to pass ordinances "for extending and widening," but not the streets, lanes and alleys generally. This is not its meaning, for a previous provision says " nothing herein contained shall relate to or in any manner affect any streets, lanes or alleys which have been at any time heretofore opened and used as public highways." It cannot, then, apply to the parts of the streets which have been " heretofore opened and used as public highways."

MAULSBY, J. delivered the opinion of the Court.

In this case an injunction was obtained by the appellees to restrain the appellants from selling, through their collector, the property of the appellees for payment of a proportion of "special tax," for paving two hundred and forty-five feet of North-East street, in the city of Annapolis. The power is claimed by the appellants under the Act of 1867, ch. 240. That Act, so far as pertains to this case, in the printed volume of Laws, is in the following words : " to impose and appropriate fines, penalties and forfeitures for the breach of their by-laws and ordinances, and to levy and collect taxes, not exceeding one per centum, on all the property of the citizens of said city ; to pass ordinances for the prevention and extinguishment of fires, for paving and keeping in repair the streets, lanes and alleys in said city, and for extending and widening the same to any particular part or district of the city, for paving the streets, lanes and alleys therein, or for sinking wells, making pumps, water-pipes, fountains, hydrants

and water-plugs, which may appear for the benefit of each particular part or district." The Act, as printed, is correctly taken from the copy which was recorded in the office of the Court of Appeals, in conformity with the provisions of the Constitution of 1864, which was in operation when it was passed. The appellants insist that the Act, as recorded and printed, did not contain all the provisions which it contained when it was, in fact, passed by the two Houses, and they produce a copy certified by the chief clerks of the Senate and House of Delegates respectively, to be a true copy of the Act as passed, with contents different from those above quoted, and they offer to prove that the difference was occasioned by mistake of the clerk in engrossing the same, after its final passage, preliminary to its examination by the committee on engrossed bills, and to the affixing of the great seal, signature by the Governor and recording. The Act, as printed, the appellants admit, was duly examined by the committee, sealed, signed and recorded, and the question is whether it is competent, by extrinsic evidence, to prove the contents of an Act of Assembly to be different from those set out in the copy, which has been attested in all the forms prescribed by the Constitution. The Act of 1867, was to take effect from its passage.

Although this question did not arise in the Court below, yet, as it might be raised in the course of further proceedings in the cause, and has been fully argued by the counsel of the appellants, we will consider and determine it.

The 29th section of Article 3, of the Constitution of 1864, provides that "every bill, when passed by the General Assembly, and sealed with the great seal, shall be presented to the Governor, who shall sign the same in the presence of the presiding officers and chief clerks of the Senate and House of Delegates. Every law shall be recorded in the office of the Court of Appeals, and in due time be printed, published and certified under the great seal to the several Courts, in the same manner as has been heretofore usual in this State. The

object of these careful provisions was to guard against controversy in respect to the *contents* of laws. To attest the verity of the contents of a law all these solemnities are invoked. Not only must it be sealed with the great seal, and signed by the Governor, but it must be so signed in the presence of those officers of the two Houses, who are best qualified to know whether the contents of the paper, being signed, are the identical contents of the law which passed their respective Houses. Then it is to be recorded, and from the Record Office is to be again certified under the great seal, printed and published. We cannot perceive on what principle the Court could be justified in going behind evidence so fully presented by the Constitution, and inquiring, on extrinsic proof, into the verity of the contents of an Act of Assembly so attested.

The claim of the appellants against the appellees was made on the 11th of March, 1869, and on the 17th of the same month, the bill was filed. When the controversy originated, therefore, the Act of 1867 had passed through all the forms of attestation prescribed by the Constitution, and it is manifest, from the answer of the appellants, that they claimed the power in virtue of the Act as printed in the Statute book. There is in the answer no averment of error or mistake in respect to the contents of the Act. We are informed by the counsel of the appellants, that the suggestion of error was first made in the argument in the Court below. But however the question may have arisen, or however it might be raised in the course of further proceedings, the result must be the same. We think that the Court cannot go behind the proof prescribed by the Constitution in inquiring into the contents of statutes. A similar question arose in the case of *Fouke vs. Fleming & Douglass*, 13 *Md.*, 392, where the Court said, " seeing that the engrossed bill and the published copy of the law correspond, we do not feel authorized to assume they are erroneous, and decide the law to be according to the evidence of the proceedings of the Legislature, as furnished by the journals of the two Houses." Whilst it is not said in

terms that no evidence would be admissible to prove the contents of an Act of Assembly to be different from the engrossed and printed statute, yet as the journals would be the next best evidence, a refusal to consider them would indicate the opinion of the Court to be that no extrinsic evidence could be admitted. In the case of *Dowling vs. Smith*, 9 *Md.*, 242, in which the Judges delivered separate opinions, LE GRAND, C. J., and ECCLESTON and MASON, Judges, concurring in the judgment, though not taking the same grounds, Judge MASON said that the Act in question, in that case, became perfected law from its final engrossment. It was passed by the House on the 7th of March, by the Senate on the 8th, and was engrossed on the 10th. It was argued that the engrossment of an Act of Assembly is the copying, after all amendments, preliminary to their reading and final passage, but this view is not sustained by a reference to the dates of final passage and engrossment of the Act in question in the case of *Smith and Dowling*. By the practice of our General Assembly there is a final engrossment, after the passage of a bill, made for examination by the committee on engrossed bills, sealing with the great seal, &c. To that final engrossment the Court referred in *Fouke vs. Fleming & Douglass.*

In the cases referred to by the appellants' counsel in 1 *Denio,* 9, 14 *Ill.*, 297, and 19 *Ill.*, 324, the question was, whether the Acts of the Legislature under review in those cases had been, in fact, passed in conformity with the provisions of the State Constitutions. In inquiring into that *fact,* the Courts held that it was proper to go behind the evidence of the statute books. Here the question is one of evidence to prove *contents.*

The question next to be considered is, had the appellants, under the provisions of the Act of 1867, the power to collect the assessment made on the appellees for their proportion of the special benefit to the property situate on North East street? The power cannot be derived from the authority given " to levy and collect taxes not exceeding one per centum on all the property of the citizens of said city," and must be derived,

if at all, from the power "to pass ordinances   *   *   *   for paving and keeping in repair the streets,.lanes and alleys in said city, and for extending and widening the same to any particular part or district of the city."

The argument is that the power to pass ordinances for paving and keeping in repair the streets, lanes and alleys involves, by necessity, the power to charge the cost thereof on the property binding on the street, on the ground that the latter is necessary to carry into effect the former expressly granted power, and must therefore be implied.

The rules of construction applying in this case are well settled, and may be found in 10 Md., 277, and 21 Md., 91.

The words of the statute are first to be resorted to, and if these are plain in their import, must be followed, and no room is left for construction. Such powers may be implied as are reasonably incidental to the exercise of powers expressly granted. A corporation is the creature of the law, and is incapable of exercising any other powers than those conferred by the Act of incorporation,. or in any other manner than it authorizes.

The words of the Act of 1867 are plain in their import. The power to "levy and collect taxes, not exceeding one per centum on all the property of the citizens of said city," and the power to pass ordinances "for paving and keeping in repair the streets, lanes and alleys," are contained in the same sentence in section 41 of that Act. The means of carrying into effect the power to pave and keep in repair are expressly granted in the power to levy and collect taxes, and no other manner of exercising the taxing power being granted by the Act of incorporation than "to levy and collect taxes not exceeding one per centum on all the property of the citizens of said city," none other can be used.

Whether another mode might have been more expedient or had been usually granted to like corporations, was a matter to be considered by the Legislature. We think that the appellants had no authority, under the Act of 1867, to make the assessment in question on the property of the appellees.

The decree of the Circuit Court made the injunction perpetual. This was error, and it would be necessary to reverse the decree and remand the cause if the appellants could be benefitted by any further proceedings that could be taken. But the only question really in the cause is the power of the appellants, under their charter, to make the assessment in controversy, and, having determined that they do not possess that power, no further proceedings could change the final result, and they sustain no injury from the error in the decree.

The injunction was not granted to restrain a trespass on the ground of irreparable damage, to which point much of the argument of the appellants' counsel was addressed, and many authorities cited. It was to restrain a corporation from selling the property of the complainant without lawful authority. In the case of *The Mayor, &c., of Frederick vs. Groshon*, 30 *Md.*, 446, the Court said : " But there is another ground upon which the appellee is entitled to the injunction, and that is that corporations will be restrained by a Court of Equity from a gross abuse of their powers, when to the injury of individuals. That Courts will not suffer powerful corporate bodies, with whom it is always very difficult to deal on equal terms, to take, under color of authority, proceedings which are of an illegal character, or which are of doubtful legality, if, by so doing, they place those against whom they are proceeding in a condition of peril, from which it might be difficult for them to extricate themselves." *Pinchin vs. London & Blackwall Railway Co.*, 31 *Eng. L. & E. Rep.*, 252 ; *Bonaparte vs. Camden & Amboy R. R. Co.*, 1 *Baldwin*, 231 ; *West. Md. R. R. Co. vs. Owings*, 15 *Md.*, 204.

The rule that, in general, all defendants must answer before an injunction can be dissolved, was insisted on by the appellants' counsel as entitling them to a reversal of the decree because Powers, their co-defendant, had not answered before decree. The injunction in this cause was continued, and the rule does not apply. But if it were otherwise, Powers was a nominal party merely. He was the agent of the appellants,

and attempting to exercise supposed powers under them. The injunction would have been equally effective if he had not been named, and it had been directed to the appellants, their agents and servants.

In our opinion the decree must be affirmed.

*Decree affirmed, with costs.*

(Decided 2d June, 1870.)