No. 3089.—THE LOUISIANA STATE LOTTERY COMPANY *v.* A. RICHOUX et al

23   743
109   600

If a law has been regularly promulgated according to the forms of the constitution, its invalidity will not be examined or passed upon by the judiciary on alleged irregularities or informalities committed by the General Assembly in passing it, nor will parol evidence be received to show that the General Assembly have not complied with the requirements of the constitution in passing it.

An act of the General Assembly will not be declared void because its objects are not set forth in its title, if the title discloses the objects of the act in terms so clear that no one can be misled thereby.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble,* J. *Joseph P. Hornor,* for plaintiffs and appellees. *George L. Bright,* for defendant and appellant.

TALIAFERRO, J. This is an action brought by the plaintiffs against the defendant Richoux and several other parties to restrain them by injunction from vending lottery tickets of the Havana and other lotteries, in violation of the exclusive right claimed by the plaintiffs to establish lotteries and to sell lottery tickets in this State. A rule *nisi*

was granted by the judge *a quo*, which was afterwards made peremptory. From this judgment McCarthy, one of the defendants, alone has appealed.

Various grounds are set up in defense; two of them, however, seem to be chiefly relied upon. To these we will direct our attention. They are:

*First*—That in the passage by the Legislature of the bill which plaintiffs found their exclusive privilege upon, as the law securing their alleged right, the requirements of article 42 of the State Constitution were not complied with, and the act of the Legislature purporting to confer the privilege is therefore null and void.

*Second*—That the title of the act does not, as required by article 114 of the Constitution, express the objects of the law intended to be enacted.

Article 42 of the State constitution provides that "no bill shall have the force of a law until on three several days it be read in each house of the General Assembly, and free discussion allowed thereon, unless four-fifths of the house where the bill is pending may deem it expedient to dispense with the rule."

When a legislative act is duly promulgated according to the constitution and laws under which it is passed, we find no authority in the judiciary department to look behind it and determine its validity or invalidity from the proceedings of the General Assembly in adopting it. Such a course, it would seem, is not sustainable on the theory of the independent and separate action of the three branches of the State government. When a legislative act is attacked on the ground that it contains provisions that are unconstitutional, the question of its validity is properly within the scope of judicial action. The courts have power when a constitutional question is raised to examine whether the thing ordered, permitted or forbidden to be done, may have effect under the sanction of the Constitution. The question should be, is the law itself constitutional as to its provisions and what it declares, and not whether it is constitutional as to the manner of its enactment or the proceedings by which it was enacted?

Courts will presume that the constitutional rules laid down for the passage of laws have been complied with by the law maker, and when duly promulgated will accept them without inquiry as to the observance or non-observance of the required rules and forms in the preparation and passage of bills. The opposite doctrine, we apprehend, would lead to a very confused and perplexing state of affairs in the administration of laws. If courts can examine the regularity of the proceedings had in the passage of bills, what is to prohibit them from determining whether any other constitutional provision, merely ancillary to the exercise by the General Assembly of the appropriate function of law

making, has been properly exercised? Conflicting views on this question have been taken by the courts of several of the States of the Union, and we do not regard it as definitely settled by their decisions.

The title of the act incorporating the Louisiana Lottery Company reads thus: "An act to increase the revenues of the State, and to authorize the incorporation and establishment of the Louisiana State Lottery Company, and to repeal certain acts now in force." This title, it is contended, does not fulfill the requirements of article 114 of the Constitution, which declares that "every law shall express its object or objects in its title." The interpretation which seems to be given to the title in question is that the act purports simply to *authorize* the incorporation and establishment of a State lottery company; whereas by the act itself the lottery company is established, a fact which the reader of the title is not apprised of. This interpretation then assumes that, as indicated by the title, the object of the Legislature was to authorize itself to incorporate and establish the lottery company—a thing absurd upon its face. How a person could be misled by the title into the supposition that the act does not incorporate and establish a lottery company, we do not easily perceive. True, a more distinct definition of the objects of the act might have been given, but that fact is of no importance if its objects are by the title made sufficiently apparent. Legislators are not always philologists, and their terms and expressions are not to be disregarded if, as it not unfrequently happens, they are not so clearly definite and distinct as they might be made. We think the title fulfills the conditions of the article 114 of the Constitution.

It is, for the reasons stated, ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs

---

HOWE, J., *concurring.* The only question in this case which seems important is that raised by a bill of exceptions to the refusal of the judge *a quo* to permit parol evidence that the provisions of article 42 of the Constitution in reference to the reading of bills had not been complied with.

It appears that the law in question was approved August 17, 1868, and that the approved and adopted journals of the Legislature show that the provisions of article 42 were strictly complied with in its passage. More than two years afterward, the defendant being proceeded against under the law, attempts to show by parol testimony that the rules were not properly suspended; that the legislative record is incorrect; that the law is without force.

If he could do this at the end of two years, he could do it at the end of twenty. If he could do it, any other defendant could do it, and

this without regard to the lapse of years; and every criminal might consume the time of the court and money of the State in attempts to prove by parol, in contradiction of the legislative journals and the statute book, that the law under which he was being prosecuted, promulgated perhaps forty years before, was null and void by reason of informalities prior to its passage. The same could be done respecting laws affecting rights of person and property, and regulating inheritance and obligations, and the whole system of legislation on which the safety of society rests could be attacked and shattered by verbal testimony. It seems impossible that such proof can be consistent with law and public policy. See Green *v.* Weller, 32 Miss. 650; Pacific Railroad *v.* The Governor, 23 Missouri, 353; People *v.* Dulin, 33 N. Y. 269.

I can see no reason why the judgment should not be affirmed.

---

HOWELL, J. *dissenting.* I am not prepared to concur in the opinion of the majority of the court maintaining the constitutionality of the act of the legislature by which, it is claimed, the Louisiana State Lotery Company was incorporated. Its title does not, in my opinion, conform to the one hundred and fourteenth article of the Constitution. I express no opinion upon other points presented.