[No. 1568.]

D. P. DONALDSON *v.* THE STATE.

1. PRACTICE—BURDEN OF PROOF.—When distinct, substantive matter is relied upon by the defense as exemption from punishment, such matter is foreign to the issue presented by the State, and the burden of proving it is upon the defense.

2. SAME—"LOCAL OPTION" LAW, being for a particular locality only, is a *quasi* local or special law, and depends, for its validity, upon its adoption in conformity with prescribed regulations. Unless so adopted, it is void, and though promulgated by proper authority, it is neither binding

upon nor notice to any one. When it is invoked by either party to a pros-ecution, the burden of proving its legality is upon the party invoking it. Were it a general law *per se*, its application in a case of this character would be otherwise, and the State, in any event, would be charged with its support. See the opinion *in extenso* on the question.

3. SAME—CASE STATED.—Being prosecuted under the general law regulating the sale of spirituous liquors, the defendant introduced evidence to show that "local option" had been adopted in the precinct in which he sold the liquor, and contended that the adoption of that law abrogated all general laws so long as it was in force, and that, though the "local op-tion" law may not have been adopted in compliance with the legal re-quirements, yet, until repealed, or declared null and void by a compe-tent jurisdiction, whether void or voidable, it affords the same protection as though valid. *Held*, that the burden of proving its adoption in strict compliance with the requirements of the law was upon the defendant.

4. SAME—TRANSCRIPT FROM THE DISTRICT TO THE COUNTY COURT—PLEA TO JURISDICTION.—The certificate of the clerk to the transcript, trans-ferring it from the District to the County Court, shows that the indict-ment was presented nearly a year before the indictment charges the offense to have been committed; it shows that the cause was transferred three days before it was ordered by the District Court to be transferred; and it describes the cause as one in which the defendant is charged with "unlawfully selling intoxicating liquors," whereas the indictment charges him with the "unlawful pursuit of the occupation of retailing," etc. *Held*, that the motions to quash the transcript from the District Court, and the indictment, and the plea to the jurisdiction of the County Court, should have prevailed.

APPEAL from the County Court of Hunt. Tried below before the Hon. J. S. Sherrell, County Judge.

The indictment against the appellant was for "pursuing the occupation of selling spirituous, vinous and intoxicating liquors, in quantities less than one quart, in the town of Com-merce, Hunt county, Texas, without having obtained license therefor, and without having paid the State and county tax," etc. The punishment awarded by a verdict of guilty was a fine of five hundred dollars.

The sale of whisky by the defendant, by the drink and pint, during the months of December, 1882, and January, 1883, to divers persons in the town of Commerce, Hunt county, which was a part of justice's precinct number six, was proved by the State.

It was proved, on behalf of the defense, that a petition, signed by forty-four qualified voters of precinct number six, Hunt county, Texas, was duly filed in the office of the county clerk,

praying for an election under the provisions of the "local option" law; that on November 9, 1880, at a regular term of the Commissioners' Court, such an election was ordered for the eleventh day of December, 1880, and that that election resulted in favor of prohibition under the provisions of the "local option" law, and that the result was published for four consecutive weeks in a newspaper published in Greenville, Hunt county, Texas; and that the defendant at no time sold whisky outside the limits of precinct number six.

In rebuttal, the State introduced in evidence an affidavit and information before the County Court, charging the defendant with the violation of the "local option" law, and the judgment of the court finding the defendant not guilty.

The motion for a new trial raised questions involved in the opinion, attacked the charge of the court, and denounced the verdict as unsupported by the evidence.

*E. W. Terhune* and *B. S. Johnson*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant insists that we shall not overlook or fail to decide the principal question raised on the trial in the court below upon the merits, even though we may find other grounds upon which to reverse the judgment.

As stated in the indictment, the charge preferred against defendant was "unlawfully pursuing the occupation of selling spirituous, vinous and intoxicating liquors in quantities less than a quart, without having obtained a license therefor, and without having paid the State and county tax, levied and due on said occupation." The prosecution was under Article 110, Penal Code, and the act of the Seventeenth Legislature amending the act to regulate the sale of spirituous liquors, etc. (Gen'l Laws, Seventeenth Leg., p. 112, sec. 1.) On the trial, the sale of the liquors as charged was proven, and further that defendant had never paid any occupation tax.

Defendant introduced evidence to prove that local option had been adopted in his precinct, and contended that the adoption of local option abrogated all general laws, and that he was not amenable to the general law so long as local option was in force. (*Robertson* v. *The State*, 10 Texas Ct. App., 419.) It is insisted that, though the local option may have been passed without

strict compliance with the requirements of the law provided for its adoption, yet that, until it has been repealed, or declared null and void by a court having competent jurisdiction, the law, even though void or voidable, would afford the same protection to the citizen as would be afforded by a valid unobjectionable law.

Upon this point the propositions announced and conclusions deduced are thus stated in the able brief of counsel for appellant:

"1. A statute is always presumed valid. (Cooley's Const. Lim., 4 ed., 210–221.)

"2. The promulgation of a law gives it intrinsic force. (Cooley's Const. Lim., 4 ed., 193.)

"3. When a law is promulgated by competent authority, parties must observe it until its repeal is declared by competent authority. (*Wilson* v. *O. & M. R. R. Co.*, 64 Ill., 542, 16 Am. Rep., 565.)

"4. Irregularities in the proceedings had by which a law is enacted will not be looked into by the courts, when the law has been duly promulgated by competent authority, and on its face seems perfect and unobjectionable. (*Blessing* v. *City of Galveston*, 42 Texas, 656, *et seq.*; *Mayor* v. *Harwood*, 32 Md., 471, 3 Am. Rep., 161; *Louisiana Lottery Co.* v. *Richoux*, 23 La. Ann., 743, 8 Am. Rep., 602; *State* v. *Swift*, 10 Nevada, 176, 22 Am. Rep., 721.)

"5. Under our present Constitution, parties desiring to contest such an election may do so before the Commissioners' Court before the result is declared, but, after it is declared, and the result promulgated, no court has jurisdiction to hear or determine such contest, and there is no appeal from, and no legal mode for revising, the action of such court. (*Ex parte Towles*, 48 Texas, 413; *Williamson* v. *Lane*, 52 Texas, 335.)

"6. It is the duty of every good citizen to obey whatever may be promulgated by the law making power. (*Sessums* v. *Botts*, 34 Texas, 349.)

"7. The only way to repeal the local option law is for the voters of the district to petition for a re-election after twelve months time, and vote it down at the polls, and have the result declared and published in the same manner as it was carried. (Rev. Stat., Art. 3236, *et seq.*)

"8. The act of the people in passing the local option law is legislative. (*Boone* v. *The State*, 10 Texas Ct. App., 419.)

"9.   Where local option is in force it abrogates the occupation tax on retailing.   (*Robertson* v. *The State,* 5 Texas Ct. App., 158.)"

The conclusions drawn from these propositions are: "That in a local option election, the voters, with the Commissioners' Court, constitute the legislative body, and the promulgation of a law enacted by such body gives it intrinsic force, and where a law has been promulgated as enacted by such body, it is notice to all affected by it, and it is not incumbent on any person to inquire into the regularity of the proceedings that caused its publication; and when such local option law, by its passage, renders non-effective an existing statute, a violator of such statute is protected by such local option law, regardless of whether or not all the formalities were complied with in its passage."

The propositions are all sound beyond controversy or question. Let us see how far the conclusions will avail a defendant in a criminal prosecution of this character.

It is a rule now well settled in the criminal practice in this State, that, "when distinct substantive matter is relied upon by the defendant to exempt him from punishment and absolve him from liability, then that is matter foreign to the issue as made by the State in her charge against him, and the burden of proving it, in reason, common sense and law, should be upon the defendant." (*Ake* v. *The State,* 6 Texas Ct. App., 398; *Jones* v. *The State,* 13 Texas Ct. App., 1.) If the law invoked was a general law passed by the Legislature for the State at large, then, indeed, the conclusions announced might be maintainable. But, with regard to local option, the settled law is, that the action of the Commissioners' Court in ordering an election, the election, and all of its incidents, must conform strictly to the requirements of the statute, or the election will be void. (*Boone* v. *The State,* 10 Texas Ct. App., 418.) Such a law, even though promulgated by the proper authority, if void, is neither binding upon nor notice to anyone. Being for a particular locality only, it is a *quasi* local or special law, and depends for its validity upon its adoption in conformity with the law permitting its adoption. When it is sought to be availed of by the State or defendant as a weapon of offense or defense, the party pleading or asserting a right under or by virtue of it must show it to be a valid and subsisting law. If the law had been a State law *per se,* then, it

is true, the defendant would not have had this burden thrown upon him, for the State is bound to know and always bound by her own laws. But a local option law for a particular precinct is not a State law, is binding upon no one outside the immediate precinct, and is not a matter of which the courts will take judicial notice. Its passage and adoption must be proven like any other matter of fact. Then, when this defendant sought absolution and immunity from this prosecution under the local option of force in his precinct, that was an independent, substantive issue, the burden of proving which rested upon him. He failed to show that local option had been legally adopted, and the court did not err in holding that he had no defense derived from that source.

On the trial below, a preliminary question was raised by motion to quash the transcript from the District Court transferring the case and the indictment, and also by plea to the jurisdiction of the County Court.

The district clerk's transcript shows that the indictment was returned into court by the grand jury on the twenty-fourth day of January, 1882. On the twenty-fifth day of January, 1883, the District Court ordered the cause transferred to the County Court, and the certificate of the district clerk attached to the order of transfer is dated the twenty-second day of January, 1883. The indictment itself appears to have been filed in the County Court on the twenty-sixth day of January, 1883, and the offense, as charged in the indictment, is alleged to have been committed on the fourth day of January, 1883. If the indictment was presented in court, as certified by the clerk, on the twenty-fourth of January, 1882, then it was presented nearly a year before the offense is shown to have been committed by the body of the indictment. The clerk transferred the cause, according to his own certificate, three days before the order of transfer was made by the District Court.

Again: The clerk's certificate of transfer styles the cause which he is transferring as one in which the defendant is charged with "unlawfully selling intoxicating liquors," whilst the indictment charges the offense to be the "unlawful pursuit of the occupation of retailing, etc., without license."

The motion to quash and plea to the jurisdiction, it seems, were both well taken, and should have prevailed. (*Robles* v. *The State*, 5 Texas Ct. App., 358; *Denton* v. *The State*, 3 Texas

Ct. App., 635; *Walker* v. *The State,* 7 Texas Ct. App., 52; *Mc-Donald* v. *The State,* 7 Texas Ct. App., 114.)   The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered November 7, 1883.