## RENFRO vs. HARRISON.

The acceptance of a deed by a grantee will not be presumed, unless the grant be certainly to his benefit.

## APPEAL from Callaway Circuit Court.

KIRTLEY, *for Appellant, insists :*

1st. That the Circuit Court erred in rejecting the testimony of William Stephens and Joseph Renfro. They are not parties to this suit, and although they will be entitled to further distribution of Absalom Renfro's estate at the death of their mother, from their present attitude they can neither be gainers nor losers in the event of this suit, and have no interest direct and immediate therein. For if the slaves in controversy are found to be Reuben's, it is clear they have no such interest, and if they yet belong to the estate, Reuben has yet to get them, or their equivalent, from the estate. So that as to them it is immaterial whether Reuben has got them or is to get them. Besides, the interest of these witnesses, if they have any, would only be in the use of the record in ascertaining what their interest may be in their father's estate at the death of their mother; and by the 26th section of the Practice Act, page 833, of Missouri Digest, (1845) they are made competent, if incompetent at common law.

2nd. That there was manifest error in letting in Elijah Stephens' statement of the contents of Reuben Renfro's letter to his mother. The letter was the best proof of its own contents. No notice was given to Mrs. Renfro to produce it; no excuse for its absence, and the secondary evidence was without law or reason. 2 Phil. Ev. 549, 553; 3 do. 1210, 1211.

3d. The possession of the slaves in controversy having been and remaining in Mrs. Renfroe, the deed of relinquishment, as it is called, of the 5th December, 1843, not conforming to our statute, was a nullity as to Reuben, and ought not to have gone to the jury. Digest of 1845, page 588, article 3rd, of the act concerning slaves.

4th. The first instruction given for plaintiff, (being 2d asked) is as to this case an abstract principle well calculated to mislead the jury, and ought not to have been given. When analised it explains the rights of all and each of the distributees of the negroes, except Reuben, the only one who is a party to this suit. 1 Mo. Rep. 359, Donohoe vs. Glasgow; 6 Mo. Rep. 6, Nicholas vs. The State.

5th. We shall insist that the remaining instructions given for plaintiff were calculated to mislead the jury and ought not to have been given.

6th. We shall rely that the 1st, 3d and 4th instructions asked by Mrs. Renfro, contained the law applicable to the case, and are abundantly sustained by authority. 2 J. R. 52; 7 J. R. 26; 12 J. R. 188; and lastly, that the Court erred in overruling Mrs. Renfro's motion for a new trial for the reasons set forth in the foregoing propositions.

TODD & HARDIN, *for Appellee, insist :*

1st. The deed was properly admitted; it needed no proof or record if possession passed under it, and that fact was properly left to the jury.

2nd. The answer of Reuben M. Renfro, as contained in his letter, was legally admitted. 1. It was in proof of a fact which need not be in writing. 2. It was of a paper which was *functus officio*, and not presumed to be preserved. 3. The objecting party is estopped from denying its contents, having acted under it, and various rights having grown out of the transaction. 4. It is a paper in her own possession and necessarily involved in the evidence, if in being she can disprove by its production the *prima facia* parol evidence given of its contents.

3d. The interpleadant is estopped from denying the declarations of Shelton Renfro at the time of those transactions. 1. She admitted and acted upon his authority. 2. The fact of the statement is a part of the *res gestae*, and could be testified to without producing the said Skelton. 1 Greenleaf's Evid. section 113.

4. The deed of gift of slaves is valid and legal to Reuben, although absent; his assent is presumed in law, but his assent is fully established and an agency to accept deed. So the possession is direct under the deed to his agent; but possession is sufficient in one grantee of estate in common. The question of an agent having proper authority was fairly found by the jury, and of his possession under the deed.

5. The court will not disturb a verdict when the evidence is full and conclusive as in this case for the verdict.

6. The testimony of Wm. Stephens and Joseph Renfro was properly excluded by the court from the jury. 4 Mo. R. 18, Foster vs. Nowlin.

7. The appellant had only a life estate, a temporary interest; and the relinquishment of her interest is not such a gift of slaves as is contemplated by the statute. Dig. 1835, page 588, article 3, sections 1 and 2.

NAPTON, J., *delivered the opinion of the Court.*

This was an action by petition in debt, brought by Crockett Harrison against Reuben M. Renfro, accompanied by an attachment against two slaves, alledged to be the property of said Renfro. There was no personal service of the writ upon Reuben M. Renfro, he not having been in this State for several years; but an order of publication was made. At the return term, Chloe Renfro filed her interpleader in the cause, claiming the attached slaves. Issue was taken and tried, and a verdict found for Harrison. In the course of the trial, the interpleadant took exception to various acts of the Circuit Court. It was proved for the interpleadant that the slaves in controversy were the property of her deceased husband, Absalom Renfro; that by the will of the said Absalom Renfro, these slaves, together with all his other slaves, were bequeathed to said Chloe for life or widowhood; remainder to the children of said Absalom and Chloe in equal shares. It was also proved that said Chloe had been in possession of the slaves attached, ever since the death of her husband.

William Stephens, who had married a daughter of the interpleadant, was offered as a witness to establish the above facts, but was objected to as incompetent, and rejected by the Court. Joseph Renfro, a son, was also rejected on the same ground. Exceptions were taken on this point.

On behalf of Harrison, the defendant in error and plaintiff in the attachment, it was proved that the interpleadant, being anxious to relinquish to her children all interest in fourteen of the slaves left to her by the will of her husband, made known this determination to her children living in the neighborhood. Reuben (the defendant in this suit) had been absent for several years, and Elijah Stephens (a witness) was requested to write

to him and ascertain whether he was willing to the proposed division. This the witness did, and he also saw the answer which Mrs. R. received, and the answer, as the witness stated, contained his assent to the proposed division of the negroes. This was objected to and an exception taken.

It appeared from the testimony of this same witness, that all the children, except Reuben, were together when the division was actually made. A conveyance, written by the witness, of the interest of Mrs. Renfro, was given in evidence, though it was objected to as not proved in conformity with the statute of 1835 concerning slaves. (Ch. 3. sec. 1.) The division was made on this wise. The witness and two friends called in for the purpose, valued the slaves ; they were then put up to the highest bidder, each child having a right to buy to the extent of his share, and if the purchase exceeded that sum, the excess was to be accounted for to those whose bids fell short of their proportion. This witness testified further, that Skelton Renfro, who was present, stated that when he was at Galena, (more than a year before) his brother Reuben had requested him to act for him in the division of the slaves. This testimony was objected to, but admitted. The witness further stated, that Skelton then bid in the two slaves in controversy for Reuben, it being the highest bid, and exceeding the share he was entitled to about as much as one Ridgeway's fell short. Accordingly Ridgeway proposed that he would retain possession of the slaves until the difference was paid, but the old lady objected and said she would keep them herself until Reuben came for them. They thus remained in her possession until attached.

The Court instructed the jury, among other things: 1. That if the deed of relinquishment was executed by Chloe Renfro, and if in pursuance of it she permitted the children or any of them to take possession of the slaves, and have them valued and sold for division, such acts are evidence of actual delivery of possession to such children. 2. That the deed of relinquishment, being a beneficial gift, the law presumes that each of the parties accepted it, although ignorant of the deed, unless a dissent is proved. 3. If the parties interested in the slaves admitted the acts of Skelton Renfro, as agent for Reuben, and Chloe Renfro assented by her acts to his so acting, she cannot now deny that agency. Such an agency need not be proved in writing, but a parol power is sufficient in law to authorize the agent to act. 4. That if they find a delivery up of any of the negroes to any of the grantees by Mrs. R., such delivery is good against her as a delivery to all the grantees of the deed.

Several points have been presented in this case, a portion of which

only it will be necessary to investigate. The prominent error in this case, is the opinion entertained by the Circuit Court that the assent of Reuben Renfro to the division of the slaves made in his absence might be presumed, upon the principle that every man may be supposed willing to accept a beneficial grant. If we could see certainly that the relinquishment of the life estate of his mother would, under all circumstances, be beneficial to Reuben, there could be no objections to the instruction given by the Circuit Court on this head, or to the several other instructions which grew out of this proposition. But it is quite obvious that this particular division of these slaves might be altogether unsatisfactory to Reuben, who had a vested remainder in a certain share or proportion of them of which he could not be deprived. The value of the life estate of Mrs. Renfro, and the price at which the slaves were apportioned to him, would be circumstances likely to effect his determination in acceding to or dissenting from the proposed deed. The second instruction, therefore, put the case to the jury upon the ground that no assent of Reuben's to the deed of Mrs. Renfro, and of course that no delivery of the negroes to Reuben in accordance with the deed was necessary to be proved. It is true that an attempt was made to prove a delivery of the slaves attached to the agent of Reuben, or at least the assent of Reuben by his agent, to the division that was made, but the testimony was clearly illegal. Had the agency of Skelton Renfro been proved, his acts and declarations, so far as they were within the scope of his agency, might have been given in evidence against Reuben M. Renfro. But the only proof of the agency was the declaration of Skelton testified to by Elijah Stephens, which was merely hearsay evidence.

The case then stands without any legal proof of the assent of Reuben to the deed of gift or of any delivery to him or his authorised agent. It must follow, if this be the actual state of the facts, that the interest of Reuben never passed from the interpleadant, whatever effect may be given to the deed, so far as the other children were concerned.

The exclusion of the two witnesses, the son and son-in-law of Chloe Renfro, has been made a point in the argument for the reversal of the judgment. Whether the Court decided right or wrongly on this point cannot be of any consequence, as the same facts proposed to be proved by these witnesses were proved by another witness to whom no objections were made, and those facts moreover appear not to have been contested in the case. Under these circumstances it would be useless to enter into any investigation of the competency of these witnesses.

The other Judges concurring, the judgment is reversed and cause remanded.