JOHN D. RICHARDS & others *vs.* COUNTY COMMISSIONERS OF
BRISTOL.

Bristol. Oct. 28, 1875. — June 20, 1876. MORTON & LORD, JJ., absent.

By the St. of 1843, *c.* 54, the Norfolk and Bristol Turnpike Corporation was authorized to surrender its charter, and the towns through which a part of the road
passed were authorized to lay it out as a common highway. The inhabitants of
one of these towns voted in a town meeting to accept the turnpike as a highway,
and authorized the selectmen so to lay it out, which they did, and made a record
of it. It continued to be used as a highway to the year 1875. *Held,* that, whether
the action of the town was or was not legally effectual, the attempted compliance
with the provisions of the St. of 1843, *c.* 54, followed by actual, general and uninterrupted public use of the road since, was enough to establish it as a highway.

The provisions of the Gen. Sts. *c.* 43, § 82, do not apply to a turnpike road, given up
to the public by the turnpike corporation by a surrender of its charter, and subsequently used as a public highway.

Under the Gen. Sts. *c.* 43, § 12, the county commissioners, in making a new location
of a road, have power to change its grade and to prescribe such manner of construction as the alterations ordered in its course and width may render necessary.

Upon the neglect of a town to make a highway established by the county commissioners, the Gen. Sts. *c.* 43, § 49, impose upon them a duty, as to the exercise of
which no discretion is left to them ; and, upon their neglect, a mandamus lies to
compel them to complete the way as ordered.

COLT, J. The petitioners ask for a writ of mandamus, requiring the county commissioners to construct and complete parts of
Main Street and Elm Street in the town of Attleborough, which
the petition states they had widened, straightened and located
anew, but which that town had refused to make and complete
under the commissioners' order.

The answer, signed by the commissioners, admits the facts
stated in the petition; but denies that the roads in question were
highways or county roads at the time of the order, averring that
Elm Street was a town way ; and, as to Main Street, referring
to the case of *Hayden* v. *Attleborough,* 7 Gray, 338, for the facts
connected with its origin and history. Main Street appears from
the report in that case to have been originally a part of the Norfolk and Bristol Turnpike, which the towns were authorized,
upon the surrender of the charter of that corporation, to lay out
as a common highway, provided the county did not. The town
of Attleborough voted to accept the turnpike as a highway, and
authorized its selectmen to lay it out. It was so laid out, and a

record of it made by the selectmen. The St. of 1843, c. 54, un-der which this was done, thus gave to the towns the power to change the highway from a turnpike to a county road. The road was located originally through several towns in adjoining counties, and, from the time of the surrender of its charter by the turnpike corporation, to the filing of this answer in September, 1875, it has continued to be used as a highway for public travel.

It seems to be assumed, in the discussion in *Hayden* v. *Attle-borough, ubi supra*, that the action of the town was not legally effectual to continue the road as a public highway. But whether it was or not, it is plain that there is nothing to control the pre sumption, which now arises from the facts disclosed, that at the time of its relocation the street had become a public highway by prescription. It is not the case of a road opened and dedicated to the public use by the owner, to which the provisions of the St. of 1846, c. 203; Gen. Sts. c. 43, § 82; are applicable. It was rather a continuance of the road as a highway by a compli-ance, or at least an attempted compliance, with the peculiar pro-visions of a special statute; and this, if followed by actual, gen-eral, uninterrupted public use for the time stated, is enough to establish a highway. *Jennings* v. *Tisbury*, 5 Gray, 73.

Under our statutes, the commissioners are authorized to locate anew any road laid out by the authority of a town, or otherwise, either for the purpose of establishing the boundaries, or of mak-ing alterations in the course or width of the same; and they may assess the expense upon the petitioners, or upon the town or county. Gen. Sts. c. 43, § 12. They have power to change the grade of the road, and to order the construction rendered neces-sary by the alterations ordered in its course and width. *Hyde Park* v. *County Commissioners*, 117 Mass. 416. And, after a highway has thus been established and its construction ordered by them, if a town, whose duty it is to make such highway or a part thereof, shall fail to make it within the time prescribed, the commissioners are required to complete it as soon as may be thereafter. A public duty is thus imposed upon them for public reasons, in the exercise of which there is no discretion left to them. The action of the commissioners in the relocation of these streets, and in the improvements ordered, is not open to lega.

objection ; and it is their duty now to complete the construction
ordered.                    *Mandamus to issue accordingly.*

*G. Marston,* for the petitioners.

*T. M. Stetson,* for the respondents.