Argued January 13, affirmed February 10, 1920.

## PATTERSON *v.* ASHLAND.*

(187 Pac. 593.)

**Municipal Corporations—Authority of City to Pave Street and Assess Special Benefits.**

1. In view of Ashland City Charter (Laws 1898, p. 100), Article XVII, Section 1, excepting the territory of the city from the jurisdiction of the County Court of Jackson County for road purposes, and Article VII, Section 1, subdivision 2, giving the council power to levy special benefit assessments for road improvements, and Article I, Section 1, giving the city powers possessed by municipal corporations under state laws, and Article XV, Section 2, authorizing the council to pave streets and levy special benefit assessments therefor, and Article VII, Section 1, subdivision 10, authorizing council to supervise public highways and streets, the city had power to pave a street and levy a benefit assessment upon adjacent property as against the objection that such street is a county highway.

**Highways—Municipal Corporations—State can Determine Whether City or County shall Control.**

2. Both a city and a county in public and governmental capacities are agents of the state, which in its sovereign capacity may supervise them as instrumentalities, and through the legislature direct which shall have jurisdiction over and control of the highways located within the confines of each in a way not inconsistent with the state Constitution.

**Municipal Corporations—Estoppel to Object to Validity of Assessment by Waiver of All Defects by Agreement for Payment by Installments.**

3. In a suit to set aside a special benefit assessment for street paving, on the ground that the city was without authority to pave the street because it was a county highway, plaintiff having applied for the right to pay such tax by installments under Bancroft Act, Section 1 (Section 3245, L. O. L.), and in her agreement with the city waived "all irregularities or defects, jurisdictional, or otherwise, in the proceedings to construct said pavement," became estopped to assert her claim of the city's lack of authority.

From Jackson: FRANK M. CALKINS, Judge.

Department 2.

The plaintiff appeals from a decree dismissing her complaint in a suit brought for the purpose of annulling a street assessment.

---

*For authorities discussing the question of necessity of special benefits to sustain assessment for local improvements, see note in 14 L. R. A. 755.          REPORTER.

The facts material to the issues herein are admitted by the pleadings or stipulated as follows: What is known as Main Street in the City of Ashland, Oregon, and designated as North Main Street and East Main Street, was duly laid out as a county road more than fifty years ago, and was formerly known as the Oregon and California Wagon Road. The City of Ashland was incorporated by an act of the legislature in 1889 (Laws 1889, p. 339), and by legislative enactments its charter was amended in 1895 (Laws 1895, p. 521) and 1898 (Laws 1898, p. 78), and if the status of the county road has been changed it is by virtue of these enactments. During the year 1911, the city through its officials caused that portion of the street upon which the property described in the complaint abuts to be paved with bitulithic, and assessed the costs of such improvement to the abutting property of the plaintiff, as a special benefit assessment. After the laying of the pavement and after the officials of the city had represented to the plaintiff that the county road was a city street, and that, unless the plaintiff paid the assessments shortly or signed an application to pay the same in installments under the Bancroft Act, the city would proceed to sell the said property, the plaintiff signed and filed with the recorder of the city an application for an extension of time of payments pursuant to Section 3245, L. O. L., and to pay in installments. At the time the paving was laid and at the time the plaintiff signed and filed the application, the plaintiff and the officials of the city had at all times for nearly twenty years prior thereto believed that said road had been and was a city street, subject to the jurisdiction of said officials and not under the control of the County Court of Jackson County, Oregon. It is conceded that in all things and proceedings relating to the improvement of each

of the streets, the levying of special benefit assessments therefor and the equities therein as to the assessments, the making and filing of due applications for extension of time of payment under the Bancroft Act, and the entry of the same in the lien docket of the City of Ashland, the rate of interest and the due sale of the bonds covering the amounts of the benefit assessments were all duly and regularly done, provided said North Main Street and East Main Street were under the jurisdiction of the City of Ashland, with the right to improve the same and assess the costs of such improvements against the real property abutting on these streets, respectively. In accordance with the agreement entered into between plaintiff and defendant, plaintiff paid several of the installments of the benefit assessments. It is stated in the brief that it is estimated that there are four and one-half miles of the paved streets of the city in similar condition.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. G. C. McAllister* and *Mr. L. A. Roberts,* with an oral argument by *Mr. McAllister.*

For respondents there was a brief over the names of *Mr. William M. Briggs* and *Mr. E. D. Briggs,* with an oral argument by *Mr. William M. Briggs.*

BEAN, J.—Plaintiff contends that the thoroughfare improved by the city is not subject to the jurisdiction of the city, but is a county road. Defendants maintain that the highway in question is a city street, and that plaintiff is estopped to deny the right of the defendants in making the improvement and assessment by reason of his having made application for an extension of time for payment under the Bancroft Act.

1. The provisions of the city charter enacted by the legislature in 1898, which bear on the case, are as follows:

"Article XVII. Section 1. The territory within the limits of the City of Ashland, as now existing, or as may be hereafter extended is hereby excepted out of the jurisdiction of the county court of Jackson county for licensing purposes and road purposes, and the city council shall have full and exclusive jurisdiction over the same. The inhabitants of the city shall be exempt from the payment of road taxes and assessment of the property within the city for road work except such taxes as may be levied and assessed by the city council, and all such taxes shall be placed in a separate fund and used for street purposes within the limits of the city, and not otherwise": Laws 1898, p. 100.

"Article VII. Section 1 (Subdivision 2) * * And the council shall also have power at any time to levy such special benefit assessments for road, sewer, or other special improvements as they may deem reasonable and just or as adjudged by a board of viewers": Laws 1898, p. 85.

"Article 1. Section 1. * * And have all the general powers possessed by municipal corporations under the statute laws of this state and at common law, and in addition thereto, shall possess all powers hereinafter specifically granted * * ": Laws 1898, p. 80.

The provisions of Article XV, Section 2, authorize the city council, among other things, to cause to be paved or improved any street or alley within the city and collect the expense by special benefit assessment upon the real estate fronting upon such improvement.

A few settled principles of law which are applicable to this case are stated in *Oliver* v. *Newberg,* 50 Or. 92 (91 Pac. 470). In an opinion in that case of Mr. Justice EAKIN, we find at page 94 of 50 Or. (91 Pac. 471):

"When the city proceeded to act under the charter of its creation, it thereby accepted the relinquishment

and grant of all county roads within its territory, and *ipso facto* they became streets."

On page 95 of 50 Or. (91 Pac. 472) we read:

"Whether a county road becomes a street, when included within the corporate limits of a city, depends upon the intention of the legislature, as gathered from the city charter, general laws and the whole course of legislation on the subject: 2 Dillon, Munic. Corp., § 676 et seq.; *State ex rel.* v. *Commrs. Putnam County,* 23 Fla. 632 (3 South. 164). Where the legislature has expressly conferred upon the corporation control of the county roads within its boundaries, and excepted the territory within it from county control for road purposes, there is no question but that such highways become streets, and subject to all the burdens of streets. This is definitely stated in 27 Am. & Eng. Enc. Law (2 ed.), 104, and recognized in Elliott, Roads & Streets (2 ed.), § 116."

The one question contended for on behalf of plaintiff in this suit is that the highway in question is a county road, and that the city has no jurisdiction to improve the same and assess the expense thereof upon the adjacent property. It must be conceded that the test is not whether we should call the highway a street or a road. The portion of the city charter above quoted and referred to plainly indicates that the area within the City of Ashland is excepted out of the jurisdiction of the County Court of Jackson County for road purposes, and the city council is given exclusive jurisdiction over the same. The inhabitants of the city are subject only to the payment of road taxes and assessment of the property within the city as may be levied and assessed by the city council. In order, it would seem, to make the authority of the city officials doubly sure, Article VII, Section 1, empowers the city council to levy special benefit assessments for "road" "im-

provements''; and by subdivision 10 of the same article and section the city council is authorized to supervise ''public highways, streets, alleys, cross-walks, side-walks, gutters, and sewers and cause the same to be kept in repair * * and, if the same is not done by the property owners, may collect any expenses with penalty of such owners of abutting lots as special assessments against the same. It is well understood that the words ''road'' and ''highway'' are synonymous.

We fail to find any lack of authority in the city government to do anything necessary in connection with the highway in question. Evidently the framers of the charter intended to steer clear of the question involved in the case of *Heiple* v. *East Portland,* 13 Or. 97 (8 Pac. 907), and fill the gaps found in some of the earlier city charters, and plainly delineated the intention of the legislature to give the city jurisdiction over the county roads within its limits, and authorize it to improve them and assess the cost thereof against the abutting property.

It will be noticed that the legislative charter grants to the municipality ''full and exclusive jurisdiction'' over the area embraced within the city limits for road purposes, and empowers the city council to levy special benefit assessments for road improvements. It would be entirely antagonistic to the meaning of the legislative language contained in the charter, to hold that the legislature granted the city council authority to levy special benefit assessments for a road improvement within its territory, when it was not intended to give the municipality jurisdiction over such highway. It is also noticed that Article XVII of the charter, conferring full and exclusive jurisdiction upon the city council for road purposes, is general, and contains no exceptions. There are no specifications of such

authority as to streets and other matters contained therein, with roads omitted, so that it might be inferred that roads were excepted, as appears in some of the earlier city charters.

2. A municipal corporation, acting in its public or governmental capacity, is an agent of the state. The same is true of a county government. The state in its sovereign capacity may well supervise its instrumentalities and through the legislature direct which of the corporations shall have jurisdiction over and control the highways located within the confines of each, in any way not inconsistent with the Constitution of the state: *Bowers* v. *Neil,* 64 Or. 104 (128 Pac. 433) ; *Cole* v. *Seaside,* 80 Or. 73 (156 Pac. 569).

3. Error is predicated upon the finding of the Circuit Court to the effect that after the board of viewers had estimated and appraised the property of plaintiff and the special benefits accruing to the same by virtue of the improvement, the plaintiff, in writing, applies for an extension of time of payment of the assessments, and thereby waived all objections either jurisdictional or otherwise, to such assessments, and agreed to pay the same in installments, a part of which she has paid, and she should be estopped in the premises to raise any objections to the special benefit assessment, either in the matter of authority on the part of the defendant city to levy the same or otherwise.

The application for payment by installments, framed under the Bancroft Act, had the following clause in it:

"That I do hereby waive all irregularities or defects, jurisdictional or otherwise, in the proceedings to construct said pavement for which said assessment is levied and in the apportionment of costs therefor. And I hereby make this, my written application to pay the said sum so assessed in ten annual installments;

and I hereby promise and agree to pay the said sum so assessed in ten annual installments, and I hereby promise and agree to pay the said sum of Two Hundred Sixty-nine and 46–100 Dollars to the said city of Ashland, in ten annual installments, and within ten years after the filing hereof, with interest thereon at the rate of six per cent per annum, as in said Ordinance provided. Principal and interest payable in lawful money of the United States of America.

"(Signed) S. E. PATTERSON,
"Applicant and Property Owner."

At the time of the making of the application and contract referred to, the plaintiff was the owner of the property described, against which a special assessment had been made for street improvements in front of the property. It was entirely appropriate for the city and the plaintiff to settle and adjust the matter by a contract, and include therein the time and manner of payment. The law favors such settlement. Therefore if the plaintiff really had any valid objection to the assessment, she waived the same and "all irregularities or defects, jurisdictional or otherwise, in the proceedings to construct" the pavement for which the assessment was levied, and is precluded thereby from denying liability to pay for such improvement. It is pleaded and urged by plaintiff that she did not know at the time she signed the application and contract that the city did not have jurisdiction over the highway, and therefore she should not be estopped thereby. The contract shows upon its face that there might be a question as to the jurisdiction of the city over the street, and the purpose of the agreement and the statute authorizing the same is to set at rest the question of jurisdiction and liability for payment for the pavement: *Parker* v. *Hood River,* 81 Or. 707 (160 Pac. 1158);

*Waggoner* v. *City of La Grande,* 89 Or. 192, 208 (173 Pac. 305) ; *Colby* v. *Medford,* 85 Or. 499 (167 Pac. 487). The decree of the lower court is therefore affirmed.

AFFIRMED.

McBRIDE, C. J., and JOHNS and BENNETT, JJ., concur.

